IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SHANE MILLER § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| EWING BUICK-PLANO, LP DBA § | |
| EWING BUICK GMC § | |
| § | |
| Defendant. § | |

## COMPLAINT

Plaintiff, for his Complaint against Defendant, would show as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff is an individual.

2. Defendant may be served through its registered agent, Mary Hutchison, 6455 Dallas Parkway, Plano, Texas 75024.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C.§ 1331 based on Plaintiff's federal claim under the Family and Medical Leave Act, 29 U.S.C.§ 2601 et seq ("FMLA").

4. Venue is proper.

### Facts

5. Plaintiff was employed by Defendant in its Buick GMC dealership between 2002 and 2019 as the dealership's body shop manager. In the 12 months prior to July 2, 2019, Plaintiff worked at least 1250 hours. On or after July 2, 2019, Plaintiff was entitled to coverage

COMPLAINT – Page 1

under the FMLA for intermittent or continuous leave of up to 12 weeks in connection with any serious medical condition or any other circumstance justifying leave under the FMLA.

6. On July 2, 2019, Plaintiff requested leave from his immediate superior, Jeff Gaden, manager of the dealership, to care for his terminally ill father, and took leave for half days until July 28, 2019, and then a full day on July 29, 2019.

7. On August 2, 2019, Plaintiff's employment by Defendant was terminated, allegedly on the ground of performance, even though Plaintiff had consistently been the top-producing department head for respondent at the dealership.

8. As a result of the termination of his employment with Defendant, Plaintiff has suffered, and will continue to suffer, lost compensation. Plaintiff has also suffered lost benefits in an amount yet to be determined.

9. Plaintiff's termination was an intentional or reckless violation of the FMLA, warranting liquidated damages.

## Claims

10. For his first cause of action, Plaintiff would show that Defendant violated § 2614 of the FMLA, requiring that any eligible employee who takes FMLA leave shall be entitled upon expiration of such leave to be restored to the position of employment held by the employee when the leave commenced, or an equivalent position with equivalent benefits, pay, and other terms and conditions of employment. Plaintiff is accordingly entitled to recover his actual damages, attorney's fees, costs and prejudgment interest, and on account of the intentional or reckless nature of the conduct of Defendant, liquidated damages.

11. For his second cause of action, Plaintiff would show that Defendant violated § 2615(a)(1) and (a)(2) of the FMLA, by interfering with, restraining or denying Plaintiff's exercise of, or attempt to exercise, his right to leave under the FMLA and by terminating him so as to interfere, restrain and deny him the exercise of his right to leave under the FMLA, and discriminating against him for seeking to exercise his right to leave under the FMLA. Plaintiff is accordingly entitled to recover his actual damages, attorney's fees, costs and prejudgment interest, and on account of the intentional or reckless nature of the conduct of Defendant, liquidated damages.

12. Plaintiff requests a jury.

WHEREFORE, Plaintiff prays that this Court grant judgment against Defendant as may be appropriate.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF